UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE TOPLINE CORP.,

    Plaintiff,

v.

DYNASTY FOOTWEAR, LTD., et. al,

    Defendants.

CASE NO. C06-1126JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion to dismiss from Defendants Dynasty Footwear Ltd., Seychelles Imports LLC d/b/a BC Footwear, and Jack E. Silvera (Dkt. # 9). For the reasons stated below, the court DENIES Defendants' motion to dismiss.

## II. BACKGROUND

Plaintiff Topline Corporation ("Topline") alleges that Defendants imported and continue to import shoes made overseas using a manufacturing process claimed in United States Patent No. 7,056,558 in violation of section 271(g) of the Patent Act, 35 U.S.C. § 271(g). Compl. ¶¶ 14, 18.

Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6), contending that Topline's complaint fails to adequately plead that Defendants had notice of their

ORDER – 1

infringement of Topline's patented process. Defendants' argument derives from section 287(b) of the Patent Act, which establishes that a plaintiff must provide notice of infringement before damages are recoverable under section 271(g). See 35 U.S.C. § 287(b)(2).[1]

### III.  ANALYSIS

On a motion to dismiss, the court construes all well-pleaded allegations of material fact as true and draws all reasonable inferences in favor of the plaintiff. No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp., 320 F.3d 920, 931 (9th Cir. 2003); Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000). A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. No. 84 Employer-Teamster Joint Council, 320 F.3d at 931 (internal citation omitted).

Under section 287(b), "notice of infringement means actual knowledge, or receipt by a person of a written notification, or a combination thereof, of information sufficient to persuade a reasonable person that it is likely that a product was made by a process patented in the United States." 35 U.S.C. § 287(b)(5)(A). A complaint alleging that infringement was willful or knowing necessarily alleges notice of infringement under section 287. Cf. Sentry Prot. Prods., Inc. v. Eagle Mfg. Co., 400 F.3d 910, 918 (Fed. Cir. 2005) (holding that plaintiff did not waive argument that defendant had notice under section 287 because notice must necessarily be inferred from a complaint alleging that infringement was "willful" and "with full knowledge").

---

[1] Under 287(b)(2), "[n]o remedies for infringement under section 271(g) of this title shall be available with respect to any product in the possession of, or in transit to, the person subject to liability under such section before that person had notice of infringement with respect to that product." 35 U.S.C. § 287(b)(2).

ORDER – 2

Topline's complaint adequately pleads that Defendants both had actual knowledge and received written notification pursuant to section 287(b).  Topline's complaint identifies a product allegedly manufactured using a patented process and alleges that Defendants knowingly infringed, willfully infringed, and received notice of Topline's published patent in a letter dated August 10, 2005.  See Compl. ¶¶ 10, 18, 19, 20, 22; Exs. B, C.  While Defendants are correct in observing that Topline's complaint fails to describe Defendants' specific knowledge of a specific manufacturing process at a specific overseas facility during a specific time period, the liberal federal standard of notice pleading does not demand such specificity.  See Conley v. Gibson, 355 U.S. 41, 47-48 (1957) ("[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (internal citation omitted).

In light of Topline's allegations concerning Defendants' knowledge and notice of infringement, Defendants do not meet their burden to show that the complaint should be dismissed for failure to state a claim on which relief can be granted.

### IV.  CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion to dismiss (Dkt. # 9).

Dated this 2nd day of January, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 3